IH-32　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Rev: 2014-1

# United States District Court
### for the
## Southern District of New York
### Related Case Statement

---

#### Full Caption of Later Filed Case:

Link Motion Inc.,

| Plaintiff | Case Number |
|---|---|
| vs. | 1:22-cv-08313 |
| DLA Piper LLP (US) and Caryn G. Schechtman, | |
| Defendant | |

#### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Wayne Baliga

| Plaintiff | Case Number |
|---|---|
| vs. | 18-cv-11642 (VM) |
| Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Roland Wu, and Zemin Xu | |
| Defendant | |

IH-32 Rev: 2014-1

Status of Earlier Filed Case:

☐ Closed (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

✓ Open (If so, set forth procedural status and summarize any court rulings.)

In the earlier-filed case (the "Baliga Action"), Plaintiff Baliga originally sued Link Motion and three of its officers and/or directors, asserting derivative causes of action for, among other things, violation of Section 10(b) of the Exchange Act and Rule 10b-5. In 2019, the Court granted preliminary injunctive relief and appointed a receiver to manage Link Motion. The receiver was granted broad authority to prevent "any director, officer, employee, independent contractor, or agent of the Company, including any defendant, from control of, management of, or participation in, the affairs of the Company," to commence and control "any action" brought "in the name of the Company," and to maintain control over Link Motion's attorney-client privileges. Dkt. 26. The Court recently dissolved the preliminary injunction, but the court-appointed receiver remains in place pending an accounting.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

There is substantial factual overlap between the Baliga Action and the later-filed action (the "LKM Action"), each of which involves Plaintiff Link Motion Inc. The allegations in the LKM Action are nearly identical to, and were brought by the same counsel as, another case, China AI Capital Limited v. DLA Piper LLP (US), et al., No. 21-cv-10911, which has already been deemed related to the Baliga Action.

The LKM Action purports to be a legal malpractice action arising directly out of the Baliga Action. Specifically, Link Motion asserts in the LKM Action that defendants failed to defend Link Motion in the Baliga Action against federal securities claims, including by allegedly failing to discover that Plaintiff Baliga "lacked standing" to assert those claims derivatively under Federal Rule of Civil Procedure 23.1, as well as for allegedly "failing to recognize that [the] securities claims otherwise failed to support [a] request for [] Provisional Equitable Relief," including the appointment of the receiver, in the Baliga Action. See LKM Action Notice of Removal, Ex. A (Compl.) ¶¶ 1, 4, 26–70, 78. If Defendants had raised those issues to Link Motion and the Court, Link Motion alleges, the Court in the Baliga Action would not have granted preliminary injunctive relief or appointed a receiver. Id. at ¶¶ 67-68.

The LKM Action will turn on questions and issues directly related to and at issue in the Baliga Action, including whether Link Motion would have been able to persuade the Court that Baliga lacked standing under Federal Rule of Civil Procedure 23.1, or that he had failed to state a claim under the federal securities laws, and whether the Court would have denied preliminary injunctive relief and declined to appoint a receiver as a result. Certain orders and decisions of the Court in the Baliga action (and the interpretation of those orders and decisions) will also be highly relevant to the claims and defenses in the LKM Action, including in particular recent orders by the Court in the Baliga Action suggesting that, even if Baliga lacked standing to bring common-law derivative claims, he still had standing to assert claims under the federal securities laws (and thus the Court had jurisdiction to grant preliminary injunctive relief and appoint the receiver).

Moreover, Link Motion's claimed damages in the LKM Action include costs incurred by the receiver appointed in the Baliga Action, which was at all times operating under the supervision of the Court. And another significant portion of the damages in the LKM Action allegedly stem from a failed transaction that is central to Plaintiff Baliga's allegations in the Baliga Action.

Finally, because the receiver appointed in the Baliga Action has not been discharged, there are open questions concerning the authority of Link Motion to sue Defendants in the LKM Action, which the receiver in the Baliga Action had previously declined to do. The Court recently ordered the parties and the receiver in the Baliga Action to submit letter briefs addressing whether and to what extent the filing of the LKM Action, purportedly at the behest of a subset of Link Motion's Board of Directors, constitutes a violation of the Court's Orders. See Baliga Action Dkt Nos. 338, 350, 352, 353.

Accordingly, the LKM and Baliga Actions concern similar parties, transactions and events, there is a substantial factual overlap, and a determination of relatedness would avoid conflicting decisions, substantial duplication of efforts and expense, and undue burden on the Court, parties, and witnesses. For these reasons, Defendants respectfully request that this case be designated as a related case and transferred to Judge Marrero.

Signature: /s/ Nancy Hart    Date: 9/30/2022

Firm: Gibson, Dunn & Crutcher LLP