**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY  10166-0193
Tel 212.351.4000
www.gibsondunn.com

Nancy Hart
Direct: 212.351.3897
nhart@gibsondunn.com

October 13, 2022

<u>VIA ECF</u>

The Honorable Victor Marrero
United States District Judge
Daniel Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Link Motion Inc. v. DLA Piper LLP (US) et al.*, Case No. 1:22-cv-08313 (S.D.N.Y.)

Dear Judge Marrero:

We write on behalf of Defendants DLA Piper LLP (US) and Caryn Schechtman (collectively, "DLA") to respond to a letter Plaintiff's counsel filed today in *Baliga v. Link Motion, Inc.*, No. 1:18-cv-11642 (S.D.N.Y.) ("Baliga Action"). Baliga Dkt. 366 (the "Letter"). That Letter concerns this action referenced above and Defendants' pre-motion letter submitted in this action yesterday seeking permission to file a motion to dismiss. Plaintiff's counsel's Letter yet again misstates the record, and in so doing, requests that an unauthorized lawsuit their unidentified "client" supposedly sanctioned in violation of clear orders of this Court should be stayed rather than dismissed immediately. Plaintiff's counsel's request should be denied, and Defendants respectfully request that the Court confirm that Plaintiff's counsel's dismissal of this action is not only consistent with this Court's prior orders, but mandated by them.

Plaintiff's counsel concedes what this Court recently reaffirmed in its October 7, 2022 Order in the Baliga Action (the "Order")—that their clients lacked the authority and capacity to bring this action, and that doing so violated earlier orders of this Court. Baliga Dkt. 366 at 1; *see* Baliga Dkt 365 at 10-11 (holding that the supposed "Board's decision" purportedly authorizing Plaintiff's counsel to bring this action "violated the Court's Orders"). Plaintiff's counsel nonetheless argue that the same Order now *prevents* them from unwinding their own unauthorized conduct, on the grounds that their clients are "restrained from taking any action not directed by the court-appointed receiver." Baliga Dkt. 366 at 1. Plaintiff's counsel then seek to benefit from their transgression by asking this Court to stay this unauthorized lawsuit for *months* in lieu of their dismissing it. Ironically, Plaintiff's counsel makes the preposterous suggestion that staying an unauthorized action "in the interests of maintaining the status quo" somehow is compliant with an Order stating that the lawsuit never should have been filed. Plaintiff's counsel are now plainly attempting to distance themselves by asserting that, despite *signing and filing* the Complaint in this action, they "have not appeared as counsel for," and will not continue to represent, Link Motion. *Id.* at 1-2.

Plaintiff's counsel's request to stay this action should be rejected. As the Receiver has made clear, and contrary to what Plaintiff's counsel is now telling this Court, Plaintiff's counsel and their unidentified clients do not need the Receiver's imprimatur to dismiss a lawsuit that they filed, a

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

**GIBSON DUNN**

Page 2

lawsuit that the Receiver (and this Court) has told them should not have been filed. Dismissal is the only way for Plaintiff's counsel to "maintain[] the status quo," which was the state of this overall dispute *before* they filed this action—*i.e.*, what the Receiver has been ordered to maintain pending an accounting and his eventual discharge, Baliga Dkt 275 at 41; Baliga Dkt 331 at 23.

Notably, the Letter wholly misrepresents the position taken by the Receiver. Far from merely "declin[ing] to take action," Baliga Dkt 366 at 1, the Receiver expressly instructed Plaintiff's counsel that "the proper course of action is for Felicello Law P.C. to voluntarily dismiss the lawsuit without prejudice, immediately," Baliga Dkt 366-1 at 1. In so instructing Plaintiff's counsel, the Receiver understandably noted that Plaintiff's counsel's suggestion that the Receiver was required to assume responsibility for their irresponsible and unauthorized lawsuit was baseless.

The claims against Defendants in this action and in the related case brought by Plaintiff's counsel on behalf of China AI are frivolous. Yet despite Defendants' repeated efforts to seek a prompt adjudication, they remain pending after nearly 10 months because of Plaintiff's counsel's bad faith gamesmanship and forum shopping. The Letter is more of the same. In light of their concession that this action was unauthorized when filed (per this Court's October 7 Order saying precisely that), and their assertion that neither they nor anyone else can or will represent Link Motion or act on its behalf in pursuing this action, Plaintiff's counsel's request that this action nevertheless be held open for months, to Defendants' continued prejudice, is completely unjustified.

Accordingly, Defendants respectfully request that this Court (1) deny Plaintiff's counsel's request for a stay, and (2) confirm not only that they can dismiss this action, but also that doing so promptly is consistent with, and indeed required by, this Court's October 7 Order.

We thank the Court for its attention to this matter.

Respectfully,


Nancy Hart


cc:     All Counsel of Record (*via ECF*)