```
┌──────────────────────────────────┐
│ USDC SDNY                         │
│ DOCUMENT                          │
│ ELECTRONICALLY FILED              │
│ DOC #:_____            │
│ DATE FILED: 01/11/2023            │
└──────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

LINK MOTION INC.,

                              Plaintiff,

          - against -

DLA PIPER LLP (US) and CARYN G.
SCHECHTMAN,

                              Defendants.

---

**22 Civ. 8313 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

On December 23, 2022, the Court denied a motion to remand this action to the New York State Supreme Court for the County of New York brought by Plaintiff, Link Motion Inc. ("LKM"). (See "Order," Dkt. No. 24.) LKM now moves the Court to reconsider that Order, pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3, or, in the alternative, to certify the issue for immediate interlocutory appeal under 28 U.S.C. Section 1292(b) ("Section 1292(b)"). (See "Motion," Dkt. No. 25; "Brief," Dkt. No. 26.) The Court finds that LKM fails to satisfy the strict standard justifying reconsideration and that immediate appeal would not materially advance the ultimate termination of the litigation. For the following reasons, the Court DENIES LKM's Motion.[1]

---

[1] The Court denies LKM's Motion based on LKM's moving papers alone and without need for additional briefing, which is proper under Local Rule

# I.   **DISCUSSION**

A.   <u>MOTION FOR RECONSIDERATION</u>

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." <u>In re Health Mgmt. Sys., Inc. Sec. Litig.</u>, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). The standard for granting a motion to reconsider under Federal Rule of Civil Procedure 60(b) and Local Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." <u>Aczel v. Labonia</u>,

---

6.3. The plain language of the Local Rule does not provide for an opposition and reply as of right, stating only that "[t]he time periods for the service of answering and reply memoranda, *if any*, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion." S.D.N.Y. & E.D.N.Y. Joint L.R. 6.3 (emphasis added).

584 F.3d 52, 61 (2d Cir. 2009) (quoting Nemaizer v. Baker, 793 F.2d 58, 61-62 (2d Cir. 1986)).

Undeterred by the Court's admonishment that LKM has already had "multiple apples in the course of this litigation" (see Order at 20), LKM's Motion takes another bite, rehashing its preferred interpretation of Gunn v. Minton, 568 U.S. 251 (2013), which it already fully presented in its initial moving papers. (See generally Dkt. Nos. 20, 23 (arguing that Gunn is indistinguishable from the facts present here thus warranting remand for, among other things, a lack of a substantial federal issue).) As "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided," the Court denies LKM's Motion on that ground. Shrader, 70 F.3d at 257; see also Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (noting that reconsideration "is not a vehicle for relitigating old issues, . . . securing a rehearing on the merits, or otherwise taking a second bite at the apple" (internal quotation marks omitted)).

The Court, however, takes the opportunity to clarify one aspect of its Order. LKM quarrels with the Court's finding that "Gunn does not address [] the interplay of federalism where the hypothetical questions have been answered by federal court rulings on the same or closely related issues

raised in the underlying federal court action." (Order at 22.) LKM asserts that this finding is "clear error because the Gunn decision addresses this issue exactly," where "the federal court [in Gunn] had already ruled against [Minton] on his federal claim." (Brief at 8.) The Court disagrees and reiterates it finding that Gunn does not address this issue and is distinguishable.

Gunn is distinct because, while the underlying federal issue was raised, it was not actually answered by the federal courts. In Gunn, after losing on summary judgment in federal court, Vernon Minton ("Minton") brought a suit in Texas state court alleging that his attorneys committed malpractice by failing "to raise the experimental-use argument earlier [in federal court] cost[ing] him the lawsuit and l[eading] to invalidation of his patent." Gunn, 568 U.S. at 255. While true that Minton raised the experimental-use argument in a motion for reconsideration before the federal district court -- and again on appeal of that motion's denial -- neither the federal district nor appellate courts addressed and ruled on the merits of Minton's claim. The Federal Circuit concluded only that Minton waived the experimental-use argument and explained that the district court had "declin[ed] to entertain Minton's new argument" and that its opinion "did not discuss experimental use" at all. See Minton v. Nat'l

Ass'n of Sec. Dealers, Inc., 336 F.3d 1373, 1379 (Fed. Cir. 2003). By not actually addressing the merits of Minton's argument, the federal courts in Gunn left the question about what they would have done a mere hypothetical, avoiding any federalism issues with the state court. But as this Court explained in detail in its Order, that is not the case here. (See Order at 16-24.) This Court has already actually addressed and ruled upon the merits of the federal issues underlying the malpractice action in the related case, Baliga v. Link Motion Inc., No. 18 Civ. 11642 (VM). Those rulings on the merits create the unique federalism issues that were not present in Gunn.

Accordingly, and because the Court finds that LKM has raised no other issue satisfying this Circuit's strict standard for reconsideration, LKM's Motion is DENIED.

B.   INTERLOCUTORY APPEAL

LKM alternatively requests that the Court certify the issue for immediate interlocutory appeal. Section 1292(b) allows a district judge to certify an interlocutory order for appeal when the order is "not otherwise appealable under this section," and the judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

ultimate termination of the litigation." 28 U.S.C. § 1292(b).
LKM's Brief offers no support for its request. And as the
Court has already directed the parties to advise on a briefing
schedule for Defendants' anticipated motion to dismiss (see
Order at 27), it is unpersuaded that appeal of its Order on
remand would materially advance the ultimate termination of
the litigation. LKM's alternative request is DENIED.

## II. ORDER

    For the reasons stated above, it is hereby

    **ORDERED** that the motion for reconsideration under
Federal Rule of Civil Procedure 60(b) and Local Rule 6.3 made
by plaintiff Link Motion Inc. ("LKM") (Dkt. No. 25) is **DENIED;**
and it is further

    **ORDERED** that LKM's request to have the Court certify the
issues for immediate interlocutory appeal under 28 U.S.C.
Section 1292(b) (Dkt. No. 25) is **DENIED.** The parties are
directed to comply with the Court's previous Order and by
January 13, 2023, "notify the Court whether they consent to
the Court deeming the pre-motion letters as a fully briefed
motion and ruling on the basis of such letters, or whether
the parties request supplemental or full briefing on DLA's
proposed motion. If the parties request supplemental or full

briefing, they shall submit a proposed briefing schedule by

January 13, 2023." (Dkt. No. 24 at 27.)

**SO ORDERED.**

Dated:      11 January 2023
            New York, New York

_____
                   Victor Marrero
                   U.S.D.J.