```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/16/2023

LINK MOTION INC.,

             Plaintiff,

- against -

DLA PIPER LLP (US) and CARYN G. SCHECHTMAN,

             Defendants.

**22 Civ. 8313 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

    Plaintiff moves the Court to grant its request to supplement the appellate record with the Complaint and Second Amended Complaint filed in the related matter, Baliga v. Link Motion Inc., No. 18 Civ. 11642 (S.D.N.Y.), pursuant to Federal Rule of Appellate Procedure 10(e)(2) ("Rule 10(e)(2)"). (See Dkt. No. 37.) Defendants oppose the request. (See Dkt. No. 38.)

    Rule 10(e)(2) permits modification or supplementation "by the district court before or after the record has been forwarded" "[i]f anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2). While the Second Circuit has noted that it would allow supplementation only in "'extraordinary circumstances,'" it is clear that such circumstances relate more specifically to considering "evidence *outside* the record

1

before the district court." DeBarnardo v. Lowe's Home Centers, 2023 WL 2291882, at *3 (2d Cir. Mar. 1, 2023) (citing Int'l Bus. Machs. Corp. v. Edelstein, 526 F.2d 37, 45 (2d Cir. 1975)) (emphasis added); see also Natofsky v. City of New York, 921 F.3d 337, 344 (2d Cir. 2019) (motion to supplement "is not a device for presenting evidence to this Court *that was not before the trial judge*" (emphasis added)).

Defendants' opposition is limited to Plaintiff's failure to cite any error or accident in failing to append the Complaint and Second Amended Complaint to the record in this suit. But, in contrast to Defendant's position, courts appear less focused on the existence of an actual error or accident. Rather, the Second Circuit asks whether supplementation would "clarif[y] [its] understanding of the process by which the District Judge reached the decision challenged on appeal." Salinger v. Random House, Inc., 818 F.2d 252, 253 (2d Cir. 1987) (permitting supplementation where it was "certain that such [documents] were considered" by the district court).

Nothing that Plaintiff seeks to supplement the appellate record with was outside the record before this Court. Plaintiff is correct that the Court referred to and considered both the Complaint and Second Amended Complaint in Baliga in reaching its various decisions in this action. Thus, it

2

appears in accord with the Second Circuit's view of when supplementation is appropriate.

And while Plaintiff does not admit that any mistake occurred by failing to affirmatively attach the Complaint and Second Amended Complaint to any filings in this action, it is reasonable to find that such failure, given this Court's familiarity with the various cases, was an oversight and thus within the auspices of Rule 10(e). As Defendants do not identify any prejudice that may befall them should the Court allow supplementation, the Court **GRANTS** Plaintiff's request, and directs that the omission of the Complaint and Second Amended Complaint in Baliga v. Link Motion Inc., 18 Civ. 11642 (S.D.N.Y.) (Dkt. Nos. 1 & 166), be corrected and that the supplemental record including these documents may be certified and forwarded as part of the record on appeal.

**SO ORDERED.**

Dated:   16 August 2023
         New York, New York

_____
                Victor Marrero
                U.S.D.J.